UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JAMAL J. ASHBY,

    Plaintiff,

-against-                             **COMPLAINT**

SANTANDER CONSUMER USA,

                                        Jury Trial Demanded: Yes

    Defendant,
_____/

## I. PARTIES IN THE COMPLAINT

1. Plaintiff, Jamal J. Ashby, is a resident of State of New York, residing at 194-35 Murdock Avenue, Saint Albans, New York 11412.

2. Defendant, Santander Consumer USA, is a business corporation engaged in the business of collecting debts with its principal place of business located at 1010 W. Mockingbird Lane, Suite 100, Dallas, Texas 75247.

3. Plaintiff is a "consumer" as defined by the FDCPA, 15 USC § 1692(a)(30).

4. The Defendant is a "debt collector" as defined and used in the FDCPA under 15 USC § 1692(a)(6).

## II. JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), 47 U.S.C. § 227 and pursuant to 28 U.S.C. § 1367 for pendent state law claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action. Injunctive relief is available pursuant to the TCPA.

6. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"); the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq.,and out of the invasions of Plaintiff's personal and financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

7. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. § 1692 et seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

### III.  FACTUAL ALLEGATIONS

9. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1' through "8" herein with the same force and effect as if the same were set forth at length herein.

10. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

12. Upon information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communications with the Plaintiff by calling Plaintiff on both of Plaintiff's telephone numbers at 347-224-7335 and 347-453-3277.

13. Defendant Santander Consumer USA left several pre-recorded messages on both of Plaintiff's numbers 347-224-7335 and 347-453-3277.

14. Defendant repeatedly and willfully placed calls to Plaintiff's personal cellular telephone number in an effort to collect a debt which debt did not belong to the Plaintiff.

15. The "communication[s]" where made in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

## IV. TELEPHONE CONSUMER PROTECTION ACT

16. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA, 47 U.S.C. § 153(39), and a subscriber to cellular telephone services within the United States.

17. At all times relevant to this complaint, the Defendants have used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

18. The Federal Communications Commission (FCC) was given the authority to issue orders implementing the TCPA. The FCC has issued an order that states:

**The creditors are in the best position to have records kept in the usual course of business showing such consent, such as purchase agreements, sales slips, and credit applications. Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent. Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call.**

In re Rules Implementing the Tel. Consumer Prot. Act of 1991, 23 FCC Rcd 559, 565 (F.C.C. 2007), paragraph 10. (Footnotes omitted, bold emphasis added.)

19. The Second Circuit's more recently decision in Giovanniello v. ALM Media, LLC, 726 F.3d 107 (2d Cir. 2013), recognized that prior interpretation of §227(b)(3) as giving state courts the authority to set the terms of TCPA claims no longer held true. Based on those precedents, the court held that Federal Rule of Civil Procedure 23, not state law, governs when a federal TCPA suit may proceed as a class action. The Second Circuit noted that Mims triggered a fundamental shift in the way that the court views Section 227(b)(3)'s "if

otherwise permitted" language, and "uprooted much of our TCPA jurisprudence." Ultimately, the court found that Federal Rule of Civil Procedure 23 now governs TCPA class actions in Federal Courts.

## V. ILLEGAL AUTO-DIALED COLLECTION CALLS

20. Immediately preceding the filing of this lawsuit, Defendants and their agents telephoned the Plaintiff's cellular telephones on numerous occasions in violation of the TCPA.

21. Without Plaintiff's prior express consent, Defendant and its agents repeatedly used an automatic telephone dialing system to call Plaintiff's cellular telephone in an attempt to collect this debt numerous times.

22. All calls and messages were sent in willful violation of the TCPA and the FDCPA because Defendants never obtained the Plaintiff's prior express consent, and had no basis to believe that they had the Plaintiff's prior express consent to make automated calls to his cell phone or to send prerecorded and/or synthesized messages on his cell phone.

23. Without Plaintiff's prior express consent, Defendant and its agents repeatedly used an automatic telephone dialing system to call Plaintiff's cellular telephone in an attempt to collect this debt, at least (18) or more times.

24. In fact on or about October 2014 Plaintiff advised the defendants to stop calling his cell phone since he had no business relationship with the defendant.

25. However, after 2 months had passed defendants continued to call the Plaintiff's phone and leaving messages.

27. Plaintiff received calls from a phone number of the defendant listed as "888-222-4227". Despite the Plaintiff's request for calls to stop the defendant made automated machine calls

to Plaintiff's phone numerous times a day including the weekend. See Plaintiff's cell phone print out annexed as Exhibit "A" herewith.

28. Defendants' repeated autodialed collection calls to Plaintiff's telephone prior to filing this complaint, were illegal attempts to collect this debt in violation of the TCPA, 47 U.S.C. § 227 et seq.

29. Defendants' repeated autodialed collection calls to Plaintiff's cellular telephones, within the last one year prior to filing this complaint, were illegal third-party attempts to collect this debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(1), 1692c(b), 1692d, 1692d(5), 1692e, 1692e(5), 1692e(10), 1692b(1), 1692b(3), 1692f, and 1692f(1), amongst others.

30. The Defendants' persistent autodialed calls eliminated the Plaintiff's right to be left alone.

31. These persistent autodialed collection calls eliminated the peace and solitude that the Plaintiff would have otherwise had.

32. Defendants' actions constituted the unauthorized use of, and interference with the Plaintiff's cellular telephone service associated with both his numbers 347-224-7335 and 347-453-3277 for which the Plaintiff paid money.

33. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings: Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
15 U.S.C. § 1692(a) (emphasis added).

34. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad

range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information. 15 U.S.C. § 6801(a) (emphasis added).

35. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt from the wrong person, and calling Plaintiff's cellular telephones, and thereby invaded Plaintiff's privacy.

36. Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

37. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs.

38. The conduct of Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

39. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual and punitive damages from Defendants in an amount to be determined at trial.

40. Defendant's violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., in their illegal efforts to collect a consumer debt by contacting the Plaintiff's cellular phone numerous times.

41. On April 1, 2015 Plaintiff received another call from the defendant's after Plaintiff had specifically stated to the defendants that he did not want any more phone calls from them. However, despite the Plaintiff's request the defendant's continued to harass the plaintiff with repeated phone calls to both of his telephone numbers.

## VI. FIRST CAUSE OF ACTION

(Violations of the TCPA)

42. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "39" herein with the same force and effect as if the same were set forth at length herein.

43. Defendants' repeatedly violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., in their illegal efforts to collect a consumer debt.

## VII. SECOND CAUSE OF ACTION

(Violations of the FDCPA)

44. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "41" herein with the same force and effect as if the same were set forth at length herein.

45. The Defendant violated 15 U.S.C. § 1692d which prohibits any conduct the natural consequence of which is to harass, oppress or abuse any person.

46. The defendant violated 15 U.S.C. § 1692d (6) wherein the defendants placed calls without disclosing his/her identity to the Plaintiff.

## VIII.  DEMAND FOR TRIAL BY JURY

47. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A. For actual damages provided and pursuant to 15 U.S.C. § 1692(k)(a)(1);

B. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

C. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(B);

D. For treble damages per call pursuant to 47 U.S.C. § 227(b)(3);

E. For attorneys' fees and costs provided and pursuant to 15 U.S.C. 1692k(a)(3);

F. For an injunction prohibiting Defendants from contacting the Plaintiff on his cellular telephone using an automated dialing system pursuant to the 47 U.S.C. § 227(b)(3)(a);

G. A declaration that the Defendant's practices violated the FDCPA;

H. For an award of actual damages from Defendants for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff; and

I. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: September 28, 2015

                          Respectfully submitted,

                          _____
                          Subhan Tariq, Esq.
                          Attorney for Plaintiff
                          Attorney I.D.# ST9597
                          The Law Offices of Subhan Tariq, Esq., PLLC
                          216-14 Jamaica Avenue
                          Queens Village, NY 11428
                          Telephone: 516-900-4529
                          Facsimile: 347-402-2645

To:    Santander Consumer USA
        1010 W. Mockingbird Lane, Suite 100
        Dallas, TX 75247

        Clerk of the Court
        United States District Court of New York
        225 Cadman Plaza East
        Brooklyn, NY 11201

        (For Filing purposes)